OPINION
This is a habeas corpus action in which petitioner, Geraldo Rivera, is seeking his immediate release from prison. Upon reviewing the allegations in the petition, this court holds that the dismissal of this action is warranted because petitioner has failed to join a party who is necessary to the proper adjudication of a habeas corpus claim.
Although the allegations in the petition are somewhat vague, it would appear that, approximately ten years ago, petitioner was convicted of a felony offense in the Lake County Court of Common Pleas. The trial court then sentenced him to an indefinite term of eight to twenty-five years. During the subsequent period, petitioner has been continuously incarcerated in various penitentiaries throughout this state.
In now claiming that he is entitled to a writ of habeas corpus, petitioner contends that certain nonjurisdictional errors occurred during the trial proceedings and during certain post-judgment proceedings. Furthermore, petitioner asserts that his present incarceration is illegal because his constitutional rights were violated when his requests for parole were denied.
Without specifically addressing the merits of petitioner's claim, this court would note that, in bringing the instant action, petitioner has named the "State of Ohio" as the sole respondent. In addition, our review of the certificate of service accompanying the petition indicates that petitioner has not served that document upon any particular person or institution.
Pursuant to R.C. 2725.04(B), an application for a writ of habeas corpus must specify the name of the individual who is responsible for the petitioner's incarceration. In construing this requirement, this court has generally concluded that the only proper respondent in a habeas corpus action is the jailor or the warden who is the administrator of the facility at which the petitioner is detained. See Sellers v. Ohio (Oct. 15, 1999), Trumbull App. No. 99-T-0117, unreported.
In the instant action, the allegations in the habeas corpus petition readily show that, at the present time, petitioner is imprisoned at the North Central Correctional Institution in Marion, Ohio. As a result, the sole person against whom petitioner could bring the instant case would be the warden of that facility. On this basis alone, this action is not properly before this court because petitioner has failed to name that person as a party and serve him with a copy of the petition.
As a separate basis for our decision, we would further note that the proper venue for a habeas corpus action is the county in which the petitioner is incarcerated, not the county in which he was convicted. Sellers. Accordingly, because the North Central Correctional Institution is not located in a county within the jurisdiction of this court, we could have not proceeded in this matter even if petitioner had brought this action against the proper party.
Finally, our review of the record before us indicates that, in conjunction with his habeas corpus petition, petitioner has submitted a motion for leave to file a delayed appeal from the sentencing judgment in the underlying criminal case. In regard to this motion, we would merely state that such a motion can only be filed in the context of a new appeal before this court. See App.R. 5(A). Therefore, even if the habeas corpus petition in this matter was properly before us, we could not consider any motion for a delayed appeal.
As petitioner has failed to follow the correct procedure for bringing a habeas corpus action, it is the sua sponte order of this court that petitioner's habeas corpus petition is hereby dismissed.
 ______________________________________________________ DONALD R. FORD, Presiding Judge
JUDGES JUDITH A. CHRISTLEY, JUDGE ROBERT A. NADER.